124 N.J. Super. 9 (1973)
304 A.2d 569
IN THE MATTER OF THE ESTATE OF EUGENE J. POLITOWICZ, DECEASED.
Superior Court of New Jersey, Appellate Division.
Submitted February 20, 1973.
Decided April 16, 1973.
*10 Before Judges CARTON, MINTZ and O'BRIEN.
Messrs. Melnik, Muller, Morgan & Weinberg, attorneys for appellant (Mr. Stephen D. Morgan on the brief).
Messrs. Archer, Greiner & Read, attorneys for respondent (Mr. David H. Ibbeken on the brief).
The opinion of the court was delivered by O'BRIEN, J.S.C., Temporarily Assigned.
The sole issue involved in this appeal is whether, in light of the facts in the case, a witness properly subscribed her name to a will "in the presence of the testator."
On April 20, 1971 Dr. Eugene J. Politowicz signed a self-made will on a coffee table in the living room of his home, as did the first subscribing witness, Florentine Scotese. The second subscribing witness, Mary Scotese, was unable to bend over and sign the will on the coffee table as she was pregnant at the time. As a result she took the will from the living room into the adjoining dining room where she subscribed her name at a table. Both decedent and Florentine remained in the living room. She then returned to the living room and handed the will to the decedent.
Testator died on August 7, 1971. On August 30, 1971 the will was admitted to probate by the Surrogate of Camden County. Harriet M. Politowicz was appointed executrix. Decedent had previously been married to Patricia C. Powers and was the father of her three minor children. Mrs. Powers, as guardian ad litem of the children, instituted this action seeking to set aside probate of the will and issuance of the letters testamentary.
*11 The trial court concluded that the will had not been executed in accordance with the requirements of N.J.S.A. 3A:3-2, finding that there was no evidence that Mary Scotese subscribed her name "in the presence of the testator." It therefore set aside probate of the will. It is from this decision that the proponent of the will appeals. No appeal was taken from an additional determination by the trial court as to the genuineness of the signature of decedent.
Although the record does not contain a copy, the trial court found that "the attestation clause attached to the will contained language which would constitute prima facie proof of due execution and publication." Thus, the court recognized the well settled principle that a perfect attestation clause is prima facie evidence of all the facts stated therein.
A perfect attestation clause is a safeguard against defective memories, unintentionally dulled by the passage of time or deliberately dulled by changes in human relationships, giving rise to enmity for the testator or the persons he makes beneficiaries of his will. An attestation clause is prima facie evidence of the facts stated in it, which may be overcome by clear and convincing proof to the contrary, either from the subscribing witnesses themselves or from facts or circumstances actually incident to the execution. Such proof must be clearly irreconcilable with the recitations of the clause. In re Hale, 21 N.J. 284, 299 (1956).
While the presumption which arises from a perfect attestation clause has never been regarded as conclusive, the clause operates to cast the burden of proof upon the contestant to negative its averments. The attestation clause is now accepted as "a most important element of proof" and the derivative presumption is deemed impregnable unless it is devastated by "strong and convincing evidence." In re DuBois, 9 N.J. Super. 280, 283, 284 (App. Div. 1950).
The trial judge made the following findings and conclusions of fact:
*12 In so considering the testimony, I find that of Mary Scotese to be the most reliable and entirely credible. She admitted she signed at the dining room table, while the decedent and her husband were still in the living room. I am satisfied and I find that such was the fact. While the distance between them was not great, she was physically in a different room than the decedent when she signed. She testified to no fact or surrounding circumstances from which it can be inferred that decedent could have seen her sign while she did so.

* * *
The evidence here establishes that the two rooms adjoined, that a sizeable doorway separated them, and that the distance between the living room coffee table and the dining room table was not great. There is, however, no testimony from which this court can reliably infer that at the very moment when Mrs. Scotese appended her signature, the testator was in a position from which he could have seen her sign if he had looked. Absent such testimony, the court must infer that decedent was not in position to see her sign and thus did not, in fact, see her sign. [Emphasis supplied]
While there was testimony on rebuttal from Harriet Politowicz that decedent was standing directly behind Mary Scotese, looking over her shoulder when she signed, apparently the trial judge did not find this testimony credible. In concluding that the witness, Mary Scotese, did not subscribe the will in the presence of the testator, the trial court placed reliance upon Mandeville v. Parker, 31 N.J. Eq. 242 (Prerog. 1879), wherein the court said:
The object of the provision of the statute that witnesses shall sign in the presence of the testator is to prevent substitution and fraud upon him. An attestation made in the same room in which he is, is prima facie, an attestation in his presence. On the other hand, an attestation made in another room is, prima facie, not made in his presence. [At 252]
In connection with his decision as to the genuineness of the testator's signature, the trial court concluded that the witness, Rita H. Wister, was truly disinterested in all respects. This witness testified that decedent had shown her a will he had recently executed which she identified as the will admitted to probate. This testimony would seem to negative any substitution or fraud practiced upon decedent.
*13 Moreover, the facts in the instant case are clearly distinguishable from the facts in Mandeville v. Parker, supra. There the testator was bedridden and the evidence demonstrated that it was impossible for him to have seen the witnesses sign the will at a table in the adjoining room even though the door between the rooms was open. There was a partition wall located between the testator, who was lying in his bed and the table at which the witnesses concededly signed. Furthermore, the will was not taken nor shown to the testator after the witnesses had signed it.
In the present case Dr. Politowicz was not bedridden and was at most only six feet from the dining room table where Mrs. Scotese signed the will. There was a very large opening between the two rooms. There was no evidence that the testator could not have seen Mrs. Scotese subscribe the will if he had looked. After signing the will Mrs. Scotese immediately handed it to testator.
The prima facie presumption arising from a perfect attestation clause was also recognized by the court in Mandeville v. Parker, supra, where the court said:
The certificate of attestation declares that the witnesses signed in the presence of the testator, and that fact throws the burden of proof to the contrary on the opponents of the will. [at 248]
Likewise, the attestation clause in this case apparently stated that the subscribing witness, Mary Scotese, signed in the presence of testator. The burden, therefore, rested upon the contestant to establish that Mrs. Scotese did not subscribe her name in the presence of the testator. The quantum of this burden was by clear and convincing proof. In re Hale, supra; In re Hartung, 52 N.J. Super. 508, 511 (App Div. 1958).
The emphasized portions of the trial court's conclusions cited above, indicate that no weight was given to the prima facie presumption arising from the perfect attestation clause. Rather, the court concluded that since the presumption is but a prima facie one, where "the full testimony of the witnesses *14 to the will is offered, the presumption dissolves and the issue must then be decided upon the proven facts," citing In re Blake, 21 N.J. 50, 58 (1956). But see, In re Rittenhouse, 19 N.J. 376 (1955); In re Weeks, 29 N.J. Super. 533 (App. Div. 1954), and 11 Rutgers Law Review 387, 391 (1956).
The trial court apparently concluded either that (1) only the burden of going forward with the proof shifted and since the subscribing witnesses had testified fully, the presumption had dissolved, or, (2) once the evidence established that Mrs. Scotese had signed the will in another room, that an inconsistent presumption arose by reason of the language of Mandeville v. Parker, supra, to the effect that an attestation made in another room is prima facie not made in the presence of testator.
The field of presumptions is a most complexing one. It has been the subject of much debate as to whether a presumption shifts only the burden of going forward or shifts the burden of proof itself, which is clearly the effect as to some presumptions. In re Weeks, supra. The rules of evidence adopted by the Supreme Court in 1967 include two rules dealing with presumptions. Evidence Rule 13 defines a presumption as "a rebuttable assumption of fact resulting from a rule of law which requires such fact to be assumed from another fact or group of facts found or otherwise established in the action." Evidence Rule 14 purports to set forth the effect of a presumption. However, it does not characterize the type nor quantum of evidence required to rebut the presumption, nor upon whom the burden of proof rests. Evidence Rule 15, relating to inconsistent presumptions and Evidence Rule 16, providing that the burden of proof is not relaxed as to some presumptions, were not adopted. Many of the rules of evidence are simply codifications of existing law. The nonadoption of some of the proposed rules does not impair the validity of decisional law relating to the subject of such proposed rule.
*15 We have concluded that it is unnecessary for us to discuss the effect of presumptions generally, nor the nonadoption of Evidence Rules 15 and 16, since the existing decisions clearly establish the effect of the presumption involved in this case.
The question of inconsistent presumptions was dealt with in Turro v. Turro, 38 N.J. Super. 535 (App. Div. 1956), where the court said:
It may be * * * that any two conflicting presumptions of equal weight will always neutralize each other * * *. But * * * where one of two conflicting presumptions rests on substantially stronger considerations of policy or probability, it displaces the weaker one and stands alone in the action. * * * [at 540]
This same general principle was referred to in In re Weeks, supra, at 536; however, when the court there dealt with a perfect attestation clause, it said the following:
* * * The perfect attestation clause here raises a presumption of the sort above spoken of, namely, one heavily fortified in policy. To rebut it, contestant must establish by strong and convincing evidence, or perhaps beyond all reasonable doubt, that the will was not properly executed. In re DuBois's Estate, 9 N.J. Super. 280 (App. Div. 1950). To state the test is to decide the issue here. Contestant relies only upon matters affecting in trivial aspects the credibility of the subscribing witnesses and the attorney who attended to the execution of the will. The presumption clearly stands unrebutted. [at 544]
The cited language in Weeks might well apply to this case. The burden rested upon the contestant to establish that Dr. Politowicz was not in a position to see Mrs. Scotese sign the will at the dining room table. This the contestant did not do.
Thus, it is our conclusion that the contestant failed to carry her burden of proving, by clear and convincing proof, that Mrs. Scotese did not sign the will in the presence of the testator. The trial court's conclusion to the contrary resulted from improperly shifting the burden of proof to *16 the proponent to establish that Mrs. Scotese did subscribe her name in the presence of the testator, whereas the presumption arising from the attestation clause had already created a strong presumption of that fact.
Reversed.