IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2023

IN RE ESTATE OF MARTHA MAXINE CHILDRESS

Appeal from the Chancery Court for Blount County
No. 2021CH14      Telford E. Forgety, Jr., Chancellor

_____

No. E2022-00897-COA-R3-CV
_____

In this will contest initiated by four of the testator's grandchildren, the trial court determined that the execution of the testator's will met the statutory requirements for admitting the will to probate and, accordingly, dismissed the will contest. The grandchildren-contestants appealed.  We affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KENNY ARMSTRONG, JJ., joined.

Gary L. Edwards, II, Johnson City, Tennessee, for the appellants, Mary Dawn Verdery, Gary L. Edwards, II, Heather Rowland, and Alison Ellis.

Benjamin Reed, Maryville, Tennessee, Rocky H. Young, Louisville, Tennessee, and William Phillip Reed, Maryville, Tennessee, for the appellees, Martha Rutter and Anne Young.

Rosemary Hilliard, Cindy Childress, and Kenneth William Childress, III, pro se appellees.[1]

OPINION

I.      BACKGROUND

In October 2020, Martha Maxine Childress ("Testator") passed away at age 94 in

_____

[1] On March 16, 2023, these three appellees filed a letter stating that they would not file an appellate brief, but that they agree with the appellants' brief filed on January 18, 2023.

Blount County, Tennessee. At the time of death and for years before, Testator lived in her own cottage at Asbury Place, an independent living facility in Maryville. Testator's husband predeceased her. Together, they raised five children: Kenneth William Childress, II (deceased 2005); Mary Edwards (deceased August 2019); Martha Rutter; Anne Young; and Madelon Lycans. Mary and Martha were twins.[2] The late Mary's four children are Testator's grandchildren and the appellants in this action: Mary Dawn Verdery; Gary Edwards, II; Heather Rowland; and Alison Ellis (collectively, "Contestants").

On December 18, 2020, appellees Martha and Anne petitioned the Blount County General Sessions Court to probate a three-page document containing a purported execution date of July 31, 2019, and which is entitled **LAST WILL AND TESTAMENT OF MARTHA MAXINE CHILDRESS** ("2019 Will"). The 2019 Will appoints Martha and Anne as co-executors of Testator's estate. By order entered December 28, 2020, the General Sessions Court accepted the 2019 Will for probate and approved Martha and Anne as co-executors. Letters Testamentary issued.

On January 19, 2021, Contestants filed a "notice of will contest with response to petition and complaint." Therein, Contestants alleged that the 2019 Will was not duly executed and was "not a valid and enforceable testamentary instrument." Contestants offered for probate a copy of Testator's three-page last will and testament executed on July 30, 2007 ("2007 Will").[3] Contestants further alleged that Martha, Anne, and Madelon had made certain distributions of assets and had unjustly enriched themselves. Contestants requested that their will contest be transferred to the Blount County Chancery Court ("trial court"). This was done by agreed order entered February 12, 2021.

Following the requested transfer and a hearing, the trial court entered an order dated January 3, 2022, finding that "competing documents have been presented to the Court as the last will and testament of [Testator]," thus presenting a threshold devisavit vel non[4] issue for determination. The action proceeded to a March 2, 2022, bench trial on the issue of whether the 2019 Will was duly executed and, therefore, was Testator's valid last will and testament. Martha, Anne, Kenneth William Childress, III, and Kathy Childress Turney testified.[5] Additionally, the two witnesses to the 2019 Will, Kelly Cunningham and

---

[2] For simplicity, we will refer to certain individuals by their first name. We intend no disrespect.

[3] The 2007 Will also names Martha and Anne as co-executors of the estate. The residuary clause of the 2007 Will differs from that of the 2019 Will.

[4] "The issue *devisavit vel non* means 'Did he make a will or not?' It originated in the chancery practice of sending the question to a court of law to try the validity of a paper asserted and denied to be a will." *Green v. Higdon*, 891 S.W.2d 220, 222 (Tenn. Ct. App. 1994) (citation omitted).

[5] Kenneth William Childress, III is a grandchild of Testator whose father, Kenneth William Childress, II, predeceased Testator. Kathy Childress Turney is Testator's former daughter-in-law.

Jennifer Sovern, as well as its notary, Meloney Walker, testified. None of the witnesses at trial witnessed the execution of the 2007 Will. Much of the evidence adduced at trial focused on the third and final page of the 2019 Will, reproduced below:

IN WITNESS WHEREOF, I have hereunto set my hand on this _31st_ day of July, 2019.

_Martha Maxine Childress_
MARTHA MAXINE CHILDRESS

The foregoing instrument consisting of three type-written pages, this included, was at Jacksboro, Campbell County, Tennessee, this _31st_ day of July, 2019, signed, sealed, published, and declared by the above-named Testatrix, to be her Last Will and Testament in the presence of all of us at one time, and at the same time we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as attesting witnesses, and we do verily believe that the said Testatrix is of sound and disposing mind and memory at the date . hereof.

| NAME | ADDRESS |
|---|---|
| _Kelly Cunningham_ | _2648 Sevierville Rd Maryville TN 378C_ |
| _Jennifer Sovern_ | _2648 Sevierville Rd, Maryville, TN 37804_ |

CERTIFICATE

STATE OF TENNESSEE
COUNTY OF _Blount_

Before me, the undersigned authority, on this day personally appeared **MARTHA MAXINE CHILDRESS**, _Kelly Cunningham_ **and** _Jennifer Sovern_, known to me to be the testatrix and the witnesses, respectively, whose names are signed to the attached or foregoing instrument, and all of these persons being by me first duly sworn, **MARTHA MAXINE CHILDRESS**, the testatrix declared to me and to the witnesses in my presence that said instrument is her Last Will and Testament and that she had willingly signed, and executed it in the presence of said witnesses as her free and voluntary act for the purposes therein expressed; and said witnesses stated before me that the foregoing will was executed and acknowledged by the testatrix as her Last Will and Testament in the presence of said witnesses, who in her presence and at her request, and in the presence of each other, did subscribe their names thereto as attesting witnesses on the day of the date of said will, and that the testatrix at the time of the execution of said Last Will and Testament, was over the age of 18 years and of sound and disposing mind and memory.

_Martha childress_
MARTHA MAXINE CHILDRESS

_Kelly Cunningham_
WITNESS

_Jennifer Sovern_
WITNESS

Subscribed, sworn and acknowledged before me by **MARTHA MAXINE CHILDRESS**, the testatrix, subscribed and sworn before me by witnesses, _Kelly Cunningham_ and _Jennifer Sovern_, this _31st_ day of July, 2019.

_Meloney Walker_
NOTARY PUBLIC

My Commission Expires: _11-30-19_

Wills\childress.Martha.3/bw

Page Three of Three

- 3 -

Ms. Walker, Ms. Cunningham, and Ms. Sovern all testified that they were employees of Asbury Place in July 2019. They did not know Testator personally, nor had they met the executors, Martha and Anne. The undisputed trial testimony was that: Testator initiated a request to have the 2019 Will witnessed and notarized; Testator presented to the front office at Asbury Place to have this request fulfilled; Ms. Walker received word that Testator was there to execute a will; Ms. Walker asked Ms. Cunningham and Ms. Sovern to come to the front office; all four women gathered together around a desk; no other individual was present; Ms. Cunningham and Ms. Sovern knew they were witnessing Testator's will; Testator signed the 2019 Will while in Ms. Cunningham's and Ms. Sovern's presence; Ms. Cunningham wrote her own name and the address of Asbury Place in the attestation clause[6] and did so in the presence of Testator and in the presence of Ms. Sovern; Ms. Sovern wrote her own name and the address of Asbury Place in the attestation clause and did so in the presence of Testator and in the presence of Ms. Cunningham; In the self-proving affidavit which is found below the word CERTIFICATE, Ms. Walker wrote the word "Blount" after the words "COUNTY OF"; Ms. Walker printed the name Kelly Cunningham and printed the name Jennifer Sovern in the two blank spaces following the words "Before me, the undersigned authority, on this day personally appeared **MARTHA MAXINE CHILDRESS**"; Ms. Walker printed the names Kelly Cunningham and Jennifer Sovern in the two blank spaces near the bottom of the document following the words "subscribed and sworn before me by witnesses"; all of the aforementioned events took place on July 31, 2019, in Blount County, Tennessee.

Following the close of proof, the trial court issued its bench ruling containing findings of fact, conclusions of law, and the ultimate holding that the 2019 Will "was duly executed within the meaning of the law of the State of Tennessee," so it constituted Testator's valid last will and testament. In that oral ruling, the court commented on the differences between the residuary clauses of the 2007 Will and the 2019 Will, but reiterated that the sole issue for determination was whether the 2019 Will was duly executed. The transcript of the court's bench ruling was incorporated into the trial court's final order entered June 8, 2022, wherein the court reiterated that the 2019 Will constitutes Testator's last will and testament. The trial court dismissed the will contest. Contestants appealed.

---

[6] An attestation clause is

> [a] provision at the end of an instrument ([especially] a will) that is signed by the instrument's witnesses and that recites the formalities required by the jurisdiction in which the instrument might take effect (such as where the will might be probated). The attestation strengthens the presumption that all the statutory requirements for executing the will have been satisfied.

*In re Estate of Guy*, No. M2001-02644-COA-R3CV, 2002 WL 31890908, at *1 n.1 (Tenn. Ct. App. Dec. 31, 2002) (quoting Black's Law Dictionary 124 (7th ed. 1999)).

## II.     ISSUES

We restate the issues on appeal as follows:

A. Whether the 2019 Will satisfied the statutory requirements for execution of an attested will.

B. Whether the trial court made findings concerning the residuary beneficiaries of the 2019 Will which are now binding on the parties.

## III.     STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). Statutory interpretation presents a question of law which we review de novo, according no deference to the legal conclusions made by the trial court. *In re Estate of Stringfield*, 283 S.W.3d 832, 834 (Tenn. Ct. App. 2008).

## IV.     DISCUSSION

### A.

On appeal, Contestants and the appellees, Martha and Anne, agree that the "primary issue" is whether the 2019 Will, "was duly executed in accordance with Tennessee law." Upon careful study of the transcript, we see that the facts relevant to this issue are undisputed. Thus, it is a question of law subject to our de novo review. *See In re Estate of Chastain*, 401 S.W.3d 612, 617–18 (Tenn. 2012); *see also In re Estate of Abbott*, No. W2017-02316-COA-R3-CV, 2018 WL 3689490, at *1 (Tenn. Ct. App. Aug. 2, 2018).

The General Assembly "has the authority to prescribe the conditions by which property may be transferred by will in this State." *In re Estate of Chastain*, 401 S.W.3d at 618 (citing *Epperson v. White*, 299 S.W. 812, 815 (Tenn. 1927); *Eslick v. Wodicka*, 215 S.W.2d 12, 15 (Tenn. Ct. App. 1948)). As to the specific requirements for execution of an attested will such as the 2019 Will at issue here, it must be signed by the testator and by at least two witnesses as follows:

(1) The testator shall signify to the attesting witnesses that the instrument is the testator's will and either:

(A) The testator sign;

(B) Acknowledge the testator's signature already made; or

(C) At the testator's direction and in the testator's presence have someone else sign the testator's name; and

(D) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses;

(2) The attesting witnesses must sign:

(A) In the presence of the testator; and

(B) In the presence of each other.

Tenn. Code Ann. § 32-1-104(a). As to the statutory "presence" requirement, the term "is generally construed according to the circumstances of each case." *In re Estate of Ross*, 969 S.W.2d 398, 401 (Tenn. Ct. App. 1997) (citation omitted). This Court has previously observed that "[b]ecause a testator may acknowledge a signature already made, there is no requirement that the witnesses actually see the testator make his signature on the will." *In re Estate of Fant*, No. W2016-02498-COA-R3-CV, 2017 WL 3492007, at *5 (Tenn. Ct. App. Aug. 15, 2017).

The consistent, unrebutted testimony in the record from the individuals who were in the room with Testator on July 31, 2019 establishes that the above statutory requirements were met. For instance, Ms. Cunningham recalled:

Q. And who was present when all this – when this signing happened?

A. It was Mel[oney], Jennifer, and then Ms. Childress.

Q. And were you all in the presence of each other and watching each other sign this document?

A. Yes.

Q. And to your belief, did everyone understand that this was the Will of Ms. Childress?

- 6 -

A. Yes.

The witnesses and the notary recalled that Testator initiated a request to the Asbury Place front office to have the 2019 Will executed, and Ms. Cunningham and Ms. Sovern knew that they were witnessing Testator's will. *See* Tenn. Code Ann. § 32-1-104(a)(1). At the top of the third page, Testator signed the 2019 Will "Martha Maxine Childress" while in Ms. Cunningham's and Ms. Sovern's presence. *See* Tenn. Code Ann. § 32-1-104(a)(1)(A), (D). Ms. Cunningham wrote her own name in the attestation clause and did so in the presence of Testator, *see* Tenn. Code Ann. § 32-1-104(a)(2)(A), and in the presence of Ms. Sovern. *See* Tenn. Code Ann. § 32-1-104(a)(2)(B). Ms. Sovern wrote her own name in the attestation clause and did so in the presence of Testator, *see* Tenn. Code Ann. § 32-1-104(a)(2)(A), and in the presence of Ms. Cunningham. *See* Tenn. Code Ann. § 32-1-104(a)(2)(B).

Tennessee Code Annotated section 1-3-105, which defines terms used throughout the code, defines "signature" or "signed" as including "a mark, the name being written near the mark and witnessed, or any other symbol or methodology executed or adopted by a party with intention to authenticate a writing or record, regardless of being witnessed[.]" Tenn. Code Ann. § 1-3-105(30). In *Taylor v. Holt*, this Court held that a computer-generated signature on the testator's will, which was observed by two witnesses who later signed the will, constituted "any other symbol or methodology executed" by the testator "with intention to authenticate a writing" under the definition of "signature" in section 1-3-105, and thus satisfied the requirements of section 32-1-104. *Taylor v. Holt*, 134 S.W.3d 830, 832–33 (Tenn. Ct. App. 2003). Contestants take issue with the fact that the two witnesses "merely printed their names in the attestation clause," as opposed to inscribing their names in cursive, so "neither witness intended her printed name in the attestation clause to be her signature so as to authenticate the attestation to the will." However, such a conclusion finds no support in the record. The testimony was simply that each witness inscribed her name in the Testator's presence and in the presence of the other witness, and that everyone knew they were gathered together to witness Testator's will. There is no dispute that each witness's name inscribed in the attestation clause is in her own handwriting. Under these circumstances, we conclude that each of the two witnesses signed the 2019 Will in accordance with section 32-1-104(a) and section 1-3-105(30).

Contestants also point out that the attestation clause on page three of the 2019 Will erroneously states that on July 31, 2019, the instrument was signed, sealed, published, and declared by Testator in Jacksboro, Campbell County, Tennessee, instead of in Maryville, Blount County, Tennessee, as the testimony clearly established. Contestants imply without citation to legal authority that the location error, in some unspecified way, bears on whether the 2019 Will was duly executed. First, section 32-1-104(a) does not require an attested will to specify a location where it is to be executed. Second, section 32-1-104(a) does not require an attestation clause at all. Third, Contestants have not developed their argument

to explain how the location error in the attestation clause invalidates the 2019 Will despite the uncontroverted testimony of the attesting witnesses concerning the statutory requirements.  Respectfully, this argument is unavailing.

"[C]ourts will sustain a will as legally executed if it can be done consistently with statutory requirements."  *In re Estate of Fant*, 2017 WL 3492007, at *5 (citing *Leathers v. Binkley*, 264 S.W.2d 561, 563 (Tenn. 1954)).  With all the foregoing considerations in mind, we hold that the 2019 Will qualifies as a duly executed testamentary instrument pursuant to Tennessee Code Annotated section 32-1-104(a) and should be admitted to probate.  Accordingly, we affirm the trial court's June 8, 2022 order.

## B.

Finally, Contestants assert that the trial court's comments about the differences between the residuary clauses of the 2007 Will and the 2019 Will constitute a binding holding that Mary's "residuary share did not lapse to [Martha, Anne, and Madelon]" under the 2019 Will.  Contestants cite the following excerpt:

> I would observe this, that the Court understands that if you look at the 2019 Will versus a previous will, the 2007 Will, there is a significant change. . . . [T]he residuary clause of the 2019 Will says, I hereby give, devise, and bequeath the rest, residuary, and remainder of my estate, et cetera, et cetera, et cetera, to be divided among my living children . . . namely [Mary], [Martha], [Anne], and [Madelon].  So the testator specified in the 2019 residuary clause that it's to be divided among my living children, four of them. . . . Kenneth William Childress, II . . . was already deceased at the time she made the Will.  So the effect of the 2019 residuary clause would be to divide the residuary among the four living children, as I've already read, to the exclusion of the family of her deceased son, Kenneth William Childress, II.
>
> Now, if you look at the 2007 Will, the residuary there said I hereby give, devise, and bequeath the rest and residue and remainder, et cetera, et cetera, et cetera, as follows.  My surviving children [Mary], [Martha], [Anne], and [Madelon] shall each receive an equal one-fifth share per stirpes.  My deceased son's, Kenneth William Childress, II, one-fifth share will pass to his wife, Kathy, and his children, Cindy, Kenneth William Childress, III, [and] Rosemary Childress, to be divided equally among them, share and share alike.  That's what [Testator] had said in 2007.  She said something differently in 2019.

Our Supreme Court has "recognized that a trial court's order 'should be construed with reference to the issues it was meant to decide, and should be interpreted in light of the

context in which it was entered.'" *Williams v. City of Burns*, 465 S.W.3d 96, 120 (Tenn. 2015) (quoting *Morgan Keegan v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013)). For context, immediately before making the observations quoted above, the trial court reiterated—as it had several times during the presentation of evidence—that:

> By the way, there is – the only issue in this case, a little bit unusual in a will contest case, the only issue is whether or not the Will was duly executed. There is no issue of undue influence or incompetency on the part of the testator. The only question in this will contest is was the Will duly executed within the meaning of the law of the State of Tennessee, and the Court is constrained to hold that the answer to that question is, yes, it was duly executed, and is, therefore, the valid Last Will and Testament of Martha Maxine Childress.

Immediately after its observations about the differences in the two residuary clauses, the trial court explained what was meant by those observations:

> [Y]ou could raise the question, well, why would our grandmother have said that in 2007 and said something different in 2019? . . . Well, I don't know. *There's been no evidence on that*. But here's the point of that: Testators don't have to have a reason for changing their Will. They can have a good reason, a bad reason, [or] no reason at all so long as they're mentally competent and not under undue influence, they can put anything in their Will or take anything out of their Will that they want to. So what was Martha Maxine Childress' motivation here? I don't know. *There's been no evidence on that*. But once again, in the context of this case, it doesn't make any difference. . . . Was the Will duly executed within the meaning of the law of the State of Tennessee? I've already ruled upon that. And once the Court rules upon that, [in] the case where there is no issue raised about competency or undue influence, that is the end of the inquiry.
>
> Accordingly, the action to contest the Will is dismissed.

(Emphasis added).

Here, the transcript and final order leave no doubt that the sole issue under the trial court's consideration was whether the 2019 Will offered for probate and later contested met the statutory requirements of execution. We decline Contestants' invitation to expand the trial court's ruling.

## V.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the chancery court.  The case is remanded for such further proceedings as may be necessary and consistent with this opinion.  Costs of the appeal are taxed to the appellants, Mary Dawn Verdery, Gary L. Edwards, II, Heather Rowland, and Alison Ellis.

_____
JOHN W. McCLARTY, JUDGE