IN RE HOLLIDAY'S ESTATE.

(*Nashville*, December Term, 1943.)

Opinion filed February 5, 1944.

MARY GUIDI, of Memphis, for appellant.

L. J. MONTEVERDE, of Memphis, for Reed.

ROBERT T. KENNERLY, Assistant Attorney General., for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The only question presented on this appeal is the constitutionality of Chapter 125 of the Public Acts of 1941. The Act was held valid by the court below and this appeal taken.

The statute is one of the series of Uniform Acts compiled by the National Uniform Laws Commission as a model to be adopted in all the States. It undertakes to prescribe the essentials of all valid wills.

The attack herein is based on the supposed infirmities of Section 6 as to nuncupative wills. It is said that this section contains matter foreign to the caption in violation of Section 17 of Article 2 of the Tennessee Constitution and that it also makes an arbitrary discrimination between persons "in active military, air or naval service in time of war" and others in violation of Section 8 of Article 1 and Section 8 of Article 11 of the Tennessee Constitution and the 14th Amendment to the Federal Constitution. The caption and Section 6 follow:

"An Act to make uniform the execution of wills and repealing all Acts in conflict therewith.

. . . . .

"Sec. 6. Nuncupative Will.

"(1) A nuncupative will may be made only by a person in imminent peril of death, whether from illness or other-

wise, shall be valid only if the testator died as a result of the impending peril, and must be

"(a) Declared to be his will by the testator before two disinterested witnesses;

"(b) Reduced to writing by or under the direction of one of the witnesses within thirty days after such declaration; and

"(c) Submitted for probate within six months after the death of the testator.

"(2) The nuncupative will may dispose of personal property only and to an aggregate value not exceeding One Thousand ($1,000) Dollars, except that in the case of persons in active military, air or naval service in time of war the aggregate amount may be Ten Thousand ($10,000) Dollars.

"(3) A nuncupative will neither revokes nor changes an existing written will."

It is argued that (2) of Section 6 undertakes to regulate the disposal or distribution of property by will whereas the caption only authorizes provisions with reference to the execution of a will and that (2) thus goes much beyond the title. The purpose of the Act, however, as indicated by the title, is to make our statute of wills uniform with the statute of wills promulgated as above outlined to be adopted elsewhere. Since the statute so promulgated for adoption in all the States contains these limitations on the power to dispose of property by nuncupative wills, the statute enacted by our Legislature could not have been made uniform with the others unless it contained similar limitations. Not only the manner of execution of wills but uniformity of execution was the design of the Legislature. Such uniformity would not

be attained unless the scope of nuncupative wills had been limited as in the statute.

■ The other objection to (2) of Section 6 is not in our opinion maintainable. A classification having a reasonable basis is of course proper and we think there are perfectly sound reasons for this distinction between persons in active military, air and naval service in time of war and other persons.

Under the statute a nuncupative will can be made only by one in imminent peril of death. Civilians in such plight can ordinarily procure legal advice, writing materials, or scribes, and execute a will in due form. Those in the active military, air and naval service, however, in time of war, commonly find themselves in imminent peril of death and in places where none of the materials or instrumentalities for executing a written will are available. The discrimination in their favor, therefore, is far from arbitrary.

We find no error in the judgment of the court below upholding this statute and that judgment will be affirmed.

■ A motion is made in this Court to dispauperize the appellant, the case having been brought here on the oath for poor persons. This Court is without jurisdiction to inquire into such matters and the motion is overruled. *Locke* v. *Smith Funeral Service Corp. et al.,* 180 Tenn., 18, 171 S. W. (2d), 272, and *State for Use, etc.,* v. *Gannaway,* 84 Tenn., 124.