IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 5, 2012 Session

## IN RE: ESTATE OF THOMAS GRADY CHASTAIN

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Chancery Court for Polk County**
**No. P-933      Jerri S. Bryant, Chancellor**

---

**No. E2011-01442-SC-R11-CV - Filed November 16, 2012**

---

The issue in this appeal is whether the statutory requirements for execution of an attested will prescribed by Tennessee Code Annotated section 32-1-104(1) (2007) were satisfied when the decedent failed to sign the two-page will but signed a one-page affidavit of attesting witnesses. We conclude that the decedent's signature on the separate affidavit of attesting witnesses does not satisfy the statute requiring the testator's signature on the will. Accordingly, the judgment of the Court of Appeals is reversed, and the judgment of the trial court that the will was not properly executed is reinstated.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Judgment of the Trial Court Reinstated**

CORNELIA A. CLARK, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and JANICE M. HOLDER, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Ginger Wilson Buchanan, Cleveland, Tennessee, for the appellant, June Chastain Patterson.

George McCoin, Cleveland, Tennessee, and Thomas F. Bloom, Nashville, Tennessee, for the appellees, Trent Chastain and Adrian Chastain.

### OPINION

### Factual and Procedural History

Thomas Grady Chastain ("Decedent") died on November 6, 2009. On April 30, 2010, Decedent's daughter, June Chastain Patterson, filed a petition for the administration of his estate. Ms. Patterson alleged that Decedent died intestate and that she was Decedent's "sole

surviving heir." Ms. Patterson sought appointment as administrator of Decedent's estate as well as a waiver of bond and inventory. Ms. Patterson's requests were granted the day she filed the petition, and letters of administration issued.

On July 7, 2010, Trent and Adrian Chastain ("Chastains"[1]), two of Decedent's grandchildren, filed a motion for bond, inventory, and an accounting of Decedent's estate. The Chastains alleged that Ms. Patterson had falsely sworn to being Decedent's sole heir, that Decedent had two predeceased sons, and that the six surviving issue of Decedent's predeceased sons are also his heirs and entitled to a share of his estate under the laws of intestacy.

Notwithstanding her prior petition alleging that Decedent died intestate, on August 24, 2010, the date of the hearing on the Chastains' motion, Ms. Patterson "deposited" with the trial court a consecutively numbered, two-page document dated September 4, 2004, and titled "Last Will and Testament" ("Will"). The first paragraph of the Will is reproduced below.

I, *Thomas Grady Chastain* a resident of *Polk* County, *Tennessee* do hereby make, publish, and declare this to be my Last Will and Testament, hereby revoking any and all Wills and Codicils heretofore made by me.

The Will named Decedent's grandchildren and great-grandchildren and bequeathed to them his knife collection and any insurance monies remaining after Decedent's bills had been paid. The Will bequeathed the remainder of Decedent's estate to Ms. Patterson and named her as executrix. Decedent's initials, the initials of three witnesses, and the date appear at the bottom of the first page of the Will as follows:

Initials: _____ Testator   Witness   Witness   Witness   Date

---

[1] The trial court's order granting Ms. Patterson's application for interlocutory appeal and the Court of Appeals' opinion listed Trent Chastain, Adrian Chastain Mann, Dana Chastain, Phillip Chastain, Amanda Chastain, Grady Patterson, Kari Patterson, Carter Mann, and Shaylee Mann as defendants/appellees. However, Mr. George McCoin filed the application for permission to appeal and the supplemental brief in this Court, and documents filed in the trial court and in this Court establish that Mr. McCoin represents only Trent and Adrian Chastain, who, along with Ms. Patterson, are the only parties to this appeal.

Although the second page of the Will, reproduced below, includes the signatures of three witnesses and a blank line on which Decedent's name apparently should have been printed, the Will included no blank line for Decedent's signature, and Decedent's signature is not on this page of the Will.[2]

IN WITNESS WHEREOF I declare this to be my Last Will and Testament and execute it willingly as my free and voluntary act for the purposes expressed herein and I am of legal age and sound mind and make this under no constraint or undue influence, this 4ᵗʰ day of September, 2004 at Ducktown State of TN

The foregoing instrument was on said date subscribed at the end thereof by

_____, the above named Testator who signed, published, and declared this instrument to be his/her Last Will and Testament in the presence of us and each of us, who thereupon at his/her request, in his/her presence, and in the presence of each other, have hereunto subscribed our names as witnesses thereto. We are of sound mind and proper age to witness a will and understand this to be his/her will, and to the best of our knowledge testator is of legal age to make a will, of sound mind, and under no constraint or undue influence.

Sammy G. Ware residing at Ducktown TN, 37326
Missy Taylor residing at Copperhill, TN. 37317
Aneer Curts residing at Ducktown, TN 37326

However, Decedent and the attesting witnesses signed a separate one-page document titled "Self-Proved Will Affidavit" ("Affidavit") that Ms. Patterson submitted along with the Will. The Affidavit is reproduced in its entirety below.

---

[2] At a hearing in the trial court, Ms. Patterson's attorney stated that the Will was prepared from a form without the assistance of counsel. This case illustrates the problems that may arise when lay persons, unversed in the statutory requirements for executing a will, use generic forms.

# Self-Proved Will Affidavit
### (attach to Will)

STATE OF _____ _TN_ _____

COUNTY OF _____ _Polk_ _____

I, the undersigned, an officer authorized to administer oaths, certify that _Thomas Grady Chastain_, the testator and _Tammy Ware, Missy Taylor_, and _Nina Curtis_, the witnesses, whose names are signed to the attached or foregoing instrument and whose signatures appear below, having appeared before me and having been first been duly sworn, each then declared to me that: 1) the attached or foregoing instrument is the last will of the testator; 2) the testator willingly and voluntarily declared, signed, and executed the will in the presence of the witnesses; 3) the witnesses signed the will upon the request of the testator, in the presence and hearing of the testator and in the presence of each other; 4) to the best knowledge of each witness, the testator was, at the time of signing, of the age of majority (or otherwise legally competent to make a will), of sound mind and memory, and under no constraint or undue influence; and 5) each witness was and is competent and of proper age to witness a will.

_Thomas G Chastain_ (Testator)

_Tammy J. Ware_ (Witness)

_Missy Taylor_ (Witness)

Subscribed and sworn to before me by _Thomas Grady Chastain_ the testator, who is (personally) known to me or who has produced _____ as identification, and by _Timmy Ware, Missy Taylor, Nina Curtis_, a witness, who is personally known to me or who has produced _personally known_ as identification, and by _Timmy Ware, Missy Taylor, Nina Curtis_ witness, who is personally known to me or who has produced _Carol M Green_ as identification, this _4th_ day of _Sept._, 20_02_.

_Carol M Green_

Notary or other officer

My Commission Expires July 10, 2005

-4-

On September 7, 2010, the Chastains filed a motion for declaratory judgment seeking a determination of the validity of the Will. The Chastains argued that Decedent had not signed the Will and that his signature on the Affidavit did not satisfy the statute requiring the testator's signature on a will.[3] See Tenn. Code Ann. § 32-1-104 (2007) (prescribing the manner in which a will, other than a holographic or noncupative will, must be executed). On October 15, 2010, before the trial court ruled on the Chastains' declaratory judgment motion, Ms. Patterson filed a petition to probate the Will. On November 17, 2010, the Chastains filed a notice of contest, again challenging the Will's validity based on Decedent's failure to sign it as required by statute.

On January 24, 2011, the trial court entered an agreed order that scheduled a hearing for February 9, 2011, to decide only the question of whether Decedent executed the Will as required by statute. The parties presented no proof at the February 9, 2011 hearing and asked the trial court to decide the issue based on the Will and the Affidavit alone.

The Chastains argued that Decedent failed to sign the two-page Will as required by Tennessee Code Annotated section 32-1-104, that the separate Affidavit is not part of the Will, and that Decedent's signature on the Affidavit is not sufficient because Tennessee law does not recognize the doctrine of integration. In response, Ms. Patterson argued that the Will includes the Affidavit and that Decedent's signature on the Affidavit satisfies Tennessee Code Annotated section 32-1-104.

On March 14, 2011, the trial court ruled in favor of the Chastains, concluding "that the four corners of these documents do not make a will." The trial court also concluded that Decedent's initials on the first page of the Will are not a signature, that Decedent failed to sign the second page of the Will, and that Decedent's signature on the Affidavit is not sufficient because Tennessee law requires "strict compliance in the execution of wills."

The trial court granted Ms. Patterson permission to seek a Tennessee Rule of Appellate Procedure 9 interlocutory appeal, and the Court of Appeals granted Ms. Patterson's Rule 9 application. A divided panel of the Court of Appeals reversed the trial court's judgment. In re Estate of Chastain, No. E2011-01442-COA-R9-CV, 2011 WL 6916459, at *1 (Tenn. Ct. App. Dec. 28, 2011). The majority held that Decedent's signature on the Affidavit satisfied Tennessee Code Annotated section 32-1-104 because Decedent "intended

---

[3] For purposes of their declaratory judgment motion, the Chastains assumed the authenticity of Decedent's signature on the Affidavit, but they reserved "their issues as to witnessing, authenticity of signature, proper and valid execution, undue influence, dominance and control, the relation of the witnesses to the parties, competency of the testator, and all other reasons." They also argued that the Will, "even if signed and even if signed by [Decedent], is not . . . valid for probate and even [if] valid, that [Ms. Patterson] is estopped to offer it for probate due to her previous sworn pleading that there is no will."

his signature on the [A]ffidavit to be his signature on the Will." Id. at *3. The majority thus found it unnecessary to decide whether the integration doctrine, which "treats an affidavit as integrated into the will in order to sustain its validity," should be adopted in Tennessee. Id. at *5.

In his dissenting opinion, Judge D. Michael Swiney opined that Decedent failed to sign the Will as required by Tennessee Code Annotated section 32-1-104. Id. (Swiney, J., dissenting). Judge Swiney viewed the Affidavit as a separate document from the Will, pointing to language in the Affidavit instructing that it be attached to the Will and referring to the Will as a separate document. Id. at *6. Judge Swiney concluded that a testator's failure to sign a will is not cured by a testator's signature on a separate document. Id. Judge Swiney also explained that courts are not at liberty to dispense with statutory mandates concerning the execution of a will. Id. at *7.

We granted the Chastains permission to appeal.

**Standard of Review**

The issue in this appeal is whether Decedent satisfied the statutory requirements for execution of an attested will.[4] The facts relevant to this issue are undisputed, and we review this question of law de novo, according no presumption of correctness to the conclusions of the courts below. In re Estate of McFarland, 167 S.W.3d 299, 302 (Tenn. 2005); In re Estate of Stringfield, 283 S.W.3d 832, 834 (Tenn. Ct. App. 2008).

**Analysis**

The Legislature has the authority to prescribe the conditions by which property may be transferred by will in this State. Epperson v. White, 299 S.W. 812, 815 (Tenn. 1927); Eslick v. Wodicka, 215 S.W.2d 12, 15 (Tenn. Ct. App. 1948). The General Assembly exercised this power in 1941 by enacting the Execution of Wills Act.[5] See Act of Feb. 14,

---

[4] Tennessee recognizes three types of wills: (1) attested wills; (2) holographic wills; and (3) noncupative wills. See Tenn. Code Ann. §§ 32-1-104 to -106. The requirements for executing a will of each type are specified by statute. Id. This appeal involves the requirements for executing an attested will.

[5] The 1941 Execution of Wills Act was "a verbatim enactment of the Model Execution of Wills Act approved in 1940 by the National Conference on Uniform State Laws." 1 Jack W. Robinson, Sr., et al., Pritchard on the Law of Wills and Administration of Estates § 4, at 10 (6th ed. 2007) [hereinafter Pritchard] (citing Model Execution of Wills Act, 9A U.L.A. 659 (1965)); see also In re Holliday's Estate, 177 S.W.2d 826, 826 (Tenn. 1944) ("The statute [Chapter 125 of the Public Acts of 1941] is one of the series of Uniform Acts compiled by the National Uniform Laws Commission as a model to be adopted in all the States.").

(continued...)

1941, ch. 125, 1941 Tenn. Pub. Acts 449. This legislation prescribed uniform standards for the execution of attested wills.[6] These statutory requirements have remained virtually unchanged in the ensuing seventy-one years[7] and are currently codified in Tennessee Code Annotated section 32-1-104, which provides:

> The execution of a will, other than a holographic or nuncupative will, must be by the signature[8] of the testator and of at least two (2) witnesses as follows:
> (1) The testator shall signify to the attesting witnesses that the instrument is the testator's will and either:
>> (A) The testator sign;
>> (B) Acknowledge the testator's signature already made; or

---

[5](...continued)
Tennessee is the only state that enacted this model law. Pritchard § 4, at 10.

[6] Prior to 1941, the requirements for executing wills differed depending on whether the will transferred realty or personalty. See Fransioli v. Podesta, 113 S.W.2d 769, 772 (Tenn. Ct. App. 1937) ("The requirements of the law with reference to the execution of wills devising real estate are much more strict than are the requirements with reference to the execution of wills of personalty.").

[7] Section 4 of the 1941 Execution of Wills Act provided:

> *Execution.* The execution of a will, other than a holographic or noncupative will, must be by the signature of the testator and of at least two witnesses as follows:
> (1) *Testator.* The testator shall signify to the attesting witnesses that the instrument is his will and either
>> (a) Himself sign,
>> (b) Acknowledge his signature already made, or
>> (c) At his direction and in his presence have someone else sign his name for him, and
>> (d) In any of the above cases the act must be done in the presence of two or more attesting witnesses.
> (2) *Witnesses.* The attesting witnesses must sign
>> (a) In the presence of the testator, and
>> (b) In the presence of each other.

Act of Feb. 14, 1941, ch. 125, sec. 4, 1941 Tenn. Pub. Acts 449, 450.

[8] "'Signature' or 'signed' includes a mark, the name being written near the mark and witnessed, or any other symbol or methodology executed or adopted by a party with intention to authenticate a writing or record, regardless of being witnessed." Tenn. Code Ann. § 1-3-105(31) (Supp. 2012).

(C) At the testator's direction and in the testator's presence have someone else sign the testator's name; and

(D) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses.

(2) The attesting witnesses must sign:

(A) In the presence of the testator; and

(B) In the presence of each other.

(footnote added). This statute gives a testator some latitude in the manner of signing an attested will.[9] The testator may either sign the will in the presence of the attesting witnesses, or acknowledge a signature already made in the presence of attesting witnesses, or direct someone else to sign the will in the presence of the testator and of the attesting witnesses. Tenn. Code Ann. § 32-1-104(1)(A)-(D). But the statute demands that the testator's signature be placed on the will by one of these means. Id. The testator's signature is essential to the creation of a will. See Simmons v. Leonard, 18 S.W. 280, 282 (Tenn. 1892) ("[T]here can be no valid attestation or subscription unless it be a fact that the testator has actually signed his name, or caused it to be signed, before [the witnesses] subscribed their names. There is no will to witness until it has been signed by the testator.").

Tennessee courts have consistently interpreted statutes prescribing the formalities for execution of an attested will as mandatory and have required strict compliance with these statutory mandates. See, e.g., Fann v. Fann, 208 S.W.2d 542, 544 (Tenn. 1948) (holding that the will had not been properly executed where the attesting witnesses failed to sign it in each other's presence); In re Estate of Stringfield, 283 S.W.3d at 832 (holding that the will was not properly executed where the attesting witnesses failed to sign the will but initialed the first two pages of the will and submitted an affidavit of attesting witnesses); In re Estate of Wait, 306 S.W.2d 345, 349 (Tenn. Ct. App. 1957) (holding that the will had not been properly executed where the testatrix failed to sign it at the same time and in the presence of the attesting witnesses); Ball v. Miller, 214 S.W.2d 446, 450 (Tenn. Ct. App. 1948) ("Certain acts required in the execution of wills we view as mandatory[,] and an instrument does not attain the character admissible to probate unless and until they are performed."); Eslick, 215 S.W.2d at 15 (holding that the will had not been properly executed where the attesting witnesses signed it separately and later acknowledged their signatures in the presence of the testator and each other); see also Pritchard § 4, at 10 ("[I]t is indispensable that every

_____

[9] In contrast, attesting witnesses have no latitude as to the manner of signing a will, see In re Estate of Stringfield, 283 S.W.3d at 837, but are required to sign "[i]n the presence of the testator" and "[i]n the presence of each other." Tenn. Code Ann. § 32-1-104(2).

requirement of the Tennessee Execution of Wills Act be complied with in the execution of a will."). Statutes requiring the observance of formalities in the execution of wills are designed to prevent fraud, mistakes, and uncertainty in the testamentary dispositions of property. Ball, 214 S.W.2d at 449-50. Enforcing strict compliance with such statutory formalities is intended to preserve "the inviolability" and "sanctity" of a testator's right to dispose of property by will. Id. at 449. "While in some cases a relaxation in the enforcement of these statutory provisions, or a liberal construction thereof, might appear to be justified, in many instances such a practice would serve only to thwart the testator's purposes." Id. at 449-50. Accordingly, Tennessee courts will sustain a will as legally executed only if it is possible to do so consistently with statutory requirements. Leathers v. Binkley, 264 S.W.2d 561, 563 (Tenn. 1954).

With these principles in mind, we turn to the undisputed facts of this case. The parties agree that Decedent failed to sign the Will.[10] The dispute focuses on the legal effect, if any, of Decedent's signature on the Affidavit. The Chastains argue that Decedent's signature on the Affidavit does not cure his failure to comply strictly with the statutory formalities for executing an attested will. The Chastains maintain that the Affidavit is a separate document from the Will and intended for use in a probate court only if a will is uncontested.

On the other hand, Ms. Patterson argues that Decedent's signature on the Affidavit satisfies the statutory formalities because: 1) Decedent and the attesting witnesses signed the Affidavit on the same day the witnesses signed the Will; 2) Tennessee law recognizes that a will may consist of multiple documents and the Affidavit was found with the Will; 3) the statute does not require a testator to sign a will in a particular location; and 4) Decedent intended to sign the Will when he signed the Affidavit.

We hold that Decedent's signature on the Affidavit does not cure his failure to comply strictly with the statutory formalities for executing an attested will. Despite Ms. Patterson's assertion to the contrary, the Affidavit is not part of the Will. The Affidavit was prepared pursuant to Tennessee Code Annotated section 32-2-110, which states:

> Any or all of the attesting witnesses to any will may, at the request of the testator or, after the testator's death, at the request of the executor or any person interested under the will, make and sign an affidavit before any officer authorized to administer oaths in or out of this state, stating the facts to which they would be required to testify in court to prove the will, which affidavit

---

[10] Ms. Patterson has not challenged the Court of Appeals' holding that Decedent's initials on the bottom of the first page of the Will failed to satisfy the statutory signature requirement.

shall be written on the will or, if that is impracticable, on some paper attached to the will, and the sworn statement of any such witness so taken shall be accepted by the court of probate when the will is not contested as if it had been taken before the court.

Tenn. Code Ann. § 32-2-110 (2007). This statute authorizes use of an affidavit of attesting witnesses in lieu of live testimony only if a will is uncontested. See Pritchard § 210, at 328 ("[A]n affidavit of an attesting witness, instead of resorting to testimony of the witness in open court, may be used to prove a will unless the will is contested. . . . The customary practice is for attesting witnesses to also sign affidavits at the time the will is executed, so that later probate of the will will be facilitated."). By requiring the affidavit to "be written on the will or, if that is impracticable, on some paper attached to the will," Tenn. Code Ann. § 32-2-110, a clear distinction is drawn between an affidavit of attesting witnesses and a will.

This distinction is also apparent from the language of the Affidavit at issue in this appeal. The instructions—"(attach to Will)"—are printed on the Affidavit immediately below the title "Self-Proved Will Affidavit." The first paragraph of the Affidavit refers to the Will as "the attached or foregoing instrument." Simply put, both the statute and the Affidavit establish that the Affidavit is not a continuation of the Will. Accordingly, Decedent's signature on the Affidavit is not sufficient to satisfy the statutory requirement that he sign the Will by one of the means provided by statute.

Our holding should not be interpreted as requiring a testator to sign each page of a will that is written on several detached sheets of paper. See Gass' Heirs v. Gass' Ex'rs, 22 Tenn. (3 Hum.) 278, 284-85 (Tenn. 1842). Nor does our holding require a testator to sign in a particular location on the will because Tennessee Code Annotated section 32-1-104 is silent on this issue. See Pritchard § 205, at 322 ("Neither . . . former T.C.A. § 32-109 nor the Tennessee Execution of Wills Act of 1941 contains any provision as to the part of the will at which [the testator's] signature must appear." (footnote omitted)). We hold only that a testator must sign the will, not a wholly separate document. Here, Decedent failed to sign either of the two consecutively numbered pages that constituted the Will. Decedent's signature on the wholly separate Affidavit does not rectify his failure to sign the Will.

Ms. Patterson asserts that Decedent signed the Affidavit intending to sign the Will and believing he was signing the Will, so his signature on the Affidavit should be deemed sufficient.[11] Decedent's signature on the separate Affidavit provides little, if any, insight

---

[11] Ms. Patterson points to section 2-503 of the Uniform Probate Code, which provides:

Harmless Error. Although a document or writing added upon a document

(continued...)

-10-

about Decedent's beliefs and intentions concerning the unsigned two-page Will. Even assuming Ms. Patterson's assertion is correct, however, our conclusion remains the same. Courts endeavor to effectuate a testator's intent "unless prohibited by a rule of law or public policy," In re Estate of McFarland, 167 S.W.3d at 302, and courts will sustain a will as legally executed if it can be done consistently with statutory requirements, Leathers, 264 S.W.2d at 563. However, courts may not ignore statutory mandates in deference to a testator's intent. Ball, 214 S.W.2d at 449-50. Irrespective of Decedent's intent, we have no authority to dispense with the statute mandating Decedent's signature on the Will, and Decedent's signature on the Affidavit simply is not sufficient to satisfy this requirement.

Ms. Patterson also asks us to adopt the doctrine of integration by which "a separate writing may be deemed an actual part of the testator's will, thereby merging the two documents into a single instrument." In re Will of Carter, 565 A.2d 933, 936 (Del. 1989). As Ms. Patterson recognizes, this doctrine has not been judicially adopted in Tennessee, and the General Assembly has not enacted Section 2-504(c) of the Uniform Probate Code, which provides that "[a] signature affixed to a self-proving affidavit attached to a will is considered a signature affixed to the will, if necessary to prove the will's due execution." Unif. Probate Code § 2-504(c) (2008). Rather, Tennessee Code Annotated section 32-1-104 plainly and unambiguously requires a testator's signature to appear on the will. This statutory requirement has been in place and strictly enforced for seventy-one years. The Legislature has neither relaxed this requirement nor provided that it may be satisfied by the testator's signature on a document separate from the will. "[T]he [L]egislature's failure to 'express disapproval of a judicial construction of a statute is persuasive evidence of legislative adoption of the judicial construction.'" Freeman Indus. v. Eastman Chem. Co., 172 S.W.3d 512, 519 (Tenn. 2005) (quoting Hamby v. McDaniel, 559 S.W.2d 774, 776 (Tenn. 1977)). As already noted, the Legislature is the entity authorized to prescribe the conditions by which property may be transferred by will in this State, Epperson, 299 S.W. at 815, and courts have no authority to modify those conditions. Ball, 214 S.W.2d at 450. Given the Legislature's adoption of statutes prescribing the manner of executing an attested will and its tacit approval

---

[11](...continued)
was not executed in compliance with Section 2-502, the document or writing is treated as if it had been executed in compliance with that section if the proponent of the document or writing establishes by clear and convincing evidence that the decedent intended the document or writing to constitute (i) the decedent's will, (ii) a partial or complete revocation of the will, (iii) an addition to or an alteration of the will, or (iv) a partial or complete revival of his [or her] formerly revoked will or of a formerly revoked portion of the will.

Unif. Probate Code § 2-503 (2008). As Ms. Patterson recognizes, however, this provision has not been enacted in Tennessee.

of court decisions strictly enforcing those statutory mandates, we decline to adopt the doctrine of integration because doing so would amount to a relaxation of statutory requirements. Whether the doctrine of integration should be adopted is a matter for the Legislature. See In re Estate of McFarland, 167 S.W.3d at 305-06 (declining to overrule a longstanding judicial decision regarding the appropriate manner of distributing lapsed residuary gifts in a will but recognizing the General Assembly's prerogative to adopt another "'modern' rule.").

## Conclusion

We conclude that Decedent's signature on the Affidavit does not satisfy the statute requiring the testator's signature on a will. Accordingly, the judgment of the Court of Appeals is reversed, and the judgment of the trial court finding that the Will had not been properly executed is reinstated. This matter is remanded to the trial court for any further necessary proceedings consistent with this opinion. Costs of this appeal are taxed to Ms. Patterson and her surety, for which execution may issue if necessary.

_____
CORNELIA A. CLARK, JUSTICE