IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief March 21, 2013

# IN RE ESTATE OF MARY KATHRYN BUCY
## v.
# MELISSA B. McELROY

**Appeal from the Henry County Chancery Court**
**No. 22012    Donald E. Parish, Judge**

---

**No. W2012-02317-COA-R3-CV - Filed April 26, 2013**

---

This appeal involves whether a document purporting to be a joint will meets the statutory requirements for a valid will.  The trial court concluded that the document did not meet the statutory requirements for probate, but did not indicate the statute to which it referred or the requirements that were not met.  We are unable to effectively review the trial court's decision and must remand for findings of fact and conclusions of law under Rule 52.01 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Vacated and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J. W.S., and J. STEVEN STAFFORD, J., joined.

Chad A. Cox, Paris, Tennessee for Petitioner/Appellant Melissa B. McElroy

No brief was filed on behalf of the Estate of Mary Kathryn Bucy.

# MEMORANDUM OPINION[1]

## FACTS AND PROCEEDINGS BELOW

H.G. Bucy ("Mr. Bucy") died in November 2011. At the time of Mr. Bucy's death, he was married to Mary Kathryn Bucy ("Decedent").

Before he died, Mr. Bucy handwrote the document that is the subject of this appeal, a one-page document entitled "Will for H.G. Bucy & Kathryn Bucy" ("Document"). Mr. Bucy never signed the Document.

Twelve days after Mr. Bucy died, Decedent signed and dated the Document written by her late husband. The Document also contains the signatures of John W. Dale and Jeffrey T. Lewis, denoted as witnesses; the Document does not contain attestation clauses for either of the witnesses.[2] The Document states on its face that it is "notarized" by Carol D'Elia and it is imprinted with her notary seal.

The Decedent died on January 28, 2012, at the age of eighty-three. At the time of her death, the Decedent owned real property with an estimated appraised value of $45,600.[3]

---

[1]**Rule 10. Memorandum Opinion**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

[2] "An attestation clause is a provision at the end of a typical will that is signed by the witnesses and recites the formalities required by the applicable statute. Such a clause strengthens the presumption that the statutory requirements for executing the will have been satisfied." *In re Estate of Boye*, No. E2006-01441-COA-R3-CV, 2007 WL 3124424, at *1 n.2 (Tenn. Ct. App. Oct. 26, 2007) (citing *In re Estate of Guy*, No. M2001-02644-COA-R3-CV, 2002 WL 31890908, at *1 n.1 (Tenn. Ct. App. Dec. 31, 2002)). An attestation clause, however, is not necessary for a valid formal will. *See Estate of Hamblin v. Heirs of Estate of Hamblin*, 1988 WL 63500, at *2 (Tenn. Ct. App. June 24, 1988) (citing *Pritchard on Wills* § 198 (4th ed. 1983)).

[3]The record does not include the value of the Decedent's estate, except the recitation in the petition that it is "valued at under $950,000.00 for Tennessee Inheritance Tax purposes."

In May 2012, the Decedent's niece, Petitioner/Appellant Melissa B. McElroy, filed the instant petition in the Chancery Court for Henry County, Tennessee. Ms. McElroy's petition sought to have the Document admitted to probate as the Decedent's will. In the petition, Ms. McElroy asked the trial court to appoint her as the executrix of the Decedent's estate.[4] Ms. McElroy attached to her petition individual affidavits from witnesses Jeffrey T. Lewis and John W. Dale, as well as an affidavit from notary Ms. D'Elia. Each affiant acknowledged seeing the Decedent sign the Document, that the Decedent signed the Document "as and for her Last Will & Testament," that the Decedent directed the witnesses and the notary to sign the purported will, and that they did so in the presence of the Decedent and in the presence of each other. All of the affiants stated they that were of the opinion that the Decedent "was of sound mind at the time [the Document] was signed on November 18, 2011." The record does not indicate any opposition to Ms. McElroy's petition.

The trial court held a hearing on the matter in May 2012. There is some indication that after the hearing, Ms. McElroy submitted to the trial court a brief in support of her request to admit the Document into probate, but the brief is not included in the appellate record.

In August 2012, the trial court entered its order on Ms. McElroy's petition to probate the Document. In its order, the trial court listed the following as operative facts that were established in the record:

> 1. The handwriting of numerous persons appears on the [D]ocument. However, no portion of the [D]ocument is written in the hand of [Decedent] except her signature.
> 2. The [D]ocument purports to be a joint and mutual will for [Mr.] Bucy and [Decedent].
> 3. [Mr.] Bucy and [Decedent] were married at the time of his death on November 6, 2011.
> 4. [Ms. McElroy] alleges that approximately twelve days after the death of [Mr.] Bucy, November 18, 2011, the [D]ecedent . . . added her signature to the [D]ocument.

The order then stated that, based on the listed facts "and a review of the face of the [D]ocument," the trial court held "that the writing does not meet the statutory requirements

---

[4]The Document does not name an executor. Each of the persons named as heirs in the purported will received notice and executed affidavits consenting to the appointment of Ms. McElroy as the executrix of the Decedent's estate.

for probate." The trial court then denied Ms. McElroy's petition to admit the Document into probate as the last will and testament of the Decedent. Ms. McElroy now appeals.[5]

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Ms. McElroy raises the issue of whether clear and convincing evidence supports the trial court's decision not to grant Ms. McElroy's petition to admit the Document to probate as the Decedent's will.

Generally, the issue of whether all of the requirements of a will are met by a writing is a question of fact, reviewed *de novo* with a presumption of correctness given to the trial court's findings of fact, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Blackburn v. Blackburn*, 253 S.W.3d 603, 612 (Tenn. Ct. App. 2007); *Lee v. Gilliam (In re Estate of Meade)*, 156 S.W.3d 841, 843 (Tenn. Ct. App. 2004); *see also In re Estate of Eden*, 99 S.W.3d 82, 87 (Tenn. Ct. App. 1995). Questions of law are reviewed *de novo*, according no presumption of correctness to the trial court's conclusions of law. *In re Estate of Chastain,* __S.W.3d __, No. E2011-01442-SC-R11-CV, 2012 WL 5828609, at *3; 2012 Tenn. LEXIS 816, at *10-11 (Tenn. Nov. 16, 2012) (citing *In re Estate of McFarland*, 167 S.W.3d 299, 302 (Tenn. 2005); *In re Estate of Stringfield*, 283 S.W.3d 832, 834 (Tenn. Ct. App. 2008)); *see also In re Estate of Pegram v. Pegram*, 189 S.W.3d 227, 230 (Tenn. Ct. App. 2005).

## ANALYSIS

Tennessee recognizes three types of wills: (1) attested or formal wills; (2) holographic wills; and (3) nuncupative (oral) wills. *See* Tenn. Code Ann. §§ 32-1-104 to -106; *In re Estate of Chastain,* __S.W.3d at __, 2012 WL 5828609, at *3 n.4; 2012 Tenn. App. LEXIS 816, at *10 n.4. The requirements for each type of will are specified by statute. *Id.* The Document is denoted as the joint will of the Decedent and Mr. Bucy, but its validity in this case is evaluated only insofar as the Document purports to be the last will and testament of the Decedent. "[U]nder Tennessee law '[a] joint will is nothing more than the separate wills of more than one person contained in the same instrument.'" *In re Estate of Pegram v. Pegram*, 189 S.W.3d 227, 232 (Tenn. Ct. App. 2005) (quoting *Rogers v. Russell*, 733 S.W.2d 79, 83 (Tenn. Ct. App. 1986)).

As noted by the trial court, the only portion of the Document that is in the handwriting of the Decedent is her signature. Thus, the requirements for a holographic will are not met.

---

[5]While a notice of appeal was filed by all of the beneficiaries named in the Document, none of the beneficiaries submitted an appellate brief.

-4-

***Blackburn***, 253 S.W.3d at 614 (noting that the material provisions of a purported holographic will must be in the handwriting of the testator, citing Tenn. Code. Ann. § 32-1-105).

In the trial court below, Ms. McElroy did not seek to have the Document admitted to probate as a holographic will, but instead sought to have it admitted to probate as the Decedent's attested will. On appeal, Ms. McElroy argues that the statutory requirements for an attested or formal will were satisfied and that the trial court should have admitted the purported will into probate. A handwritten document that does not meet the requirements for a holographic will may nevertheless be admitted to probate, but only if it meets the requirements for an attested or formal will. ***Blackburn,*** 253 S.W.3d at 613-15. "Tennessee courts have consistently interpreted statutes prescribing the formalities for execution of an attested will as mandatory and have required strict compliance with these statutory mandates." ***In re Estate of Chastain***, __S.W.3d at __; 2012 WL 5828609, at *4; 2012 Tenn. App. LEXIS 816, at *15 (citing ***Fann v. Fann***, 208 S.W.2d 542, 544 (Tenn. 1948)).

Unfortunately, the trial court's order simply held that the Document "does not meet the statutory requirements for probate," without specifying the statute to which it referred or which statutory requirements were not met. Indeed, the trial court did not even indicate whether its holding referred to the requirements for an attested will, a holographic will, or both. In a bench trial, the Tennessee Rules of Civil Procedure require trial courts to issue findings of fact and conclusions of law. Rule 52.01 of the Tennessee Rules of Civil Procedure provides in relevant part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Tenn. R. Civ. P. 52.01 (2012).[6] The legislature's decision to require findings of fact and conclusions of law is "not a mere technicality." ***Paul v. Watson***, No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *5; 2012 Tenn. App. LEXIS 65, at *15 (Tenn. Ct. App. Feb. 2, 2012) (citing ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8; 2009

---

[6]Prior to July 1, 2009, trial courts were required to make specific findings of fact and conclusions of law only "upon request made by any party prior to the entry of judgment." ***See Poole v. Union Planters Bank N.A.***, 337 S.W.3d 771, 791 n.12 (Tenn. Ct. App. 2010) (noting the amendment). As amended, Rule 52.01 requires the trial court to make these findings, even if neither party requests them. ***Id***.

Tenn. App. LEXIS 225, at \*22-23 (Tenn. Ct. App. May 15, 2009)). It serves the important purpose of "facilitating appellate review and promoting the just and speedy resolution of appeals." **Paul**, 2012 WL 344705, at \*5; 2012 Tenn. App. LEXIS 65, at \*15 (quoting **In re K.H.**, 2009 WL 1362314, at \*8; 2009 Tenn. App. LEXIS 225, at \*21-22) (citing **White v. Moody**, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); **Bruce v. Bruce**, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990)). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." **Paul**, 2012 WL 344705, at \*5; 2012 Tenn. App. LEXIS 65, at \*15; **In re K.H.**, 2009 WL 1362314, at \*8; 2009 Tenn. App. LEXIS 225, at \*22 (quoting **In re M.E.W.**, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at \*19; 2004 Tenn. App. LEXIS 250, at \*58 (Tenn .Ct. App. Apr. 21, 2004)).

In the absence of findings of fact and conclusions of law establishing which statutory requirements were not met, we are unable to effectively review the trial court's decision. Under these circumstances, we are left with little choice but to vacate the trial court's decision and remand the case for findings of fact and conclusions of law pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure. On remand, the trial court may, in its discretion, reconsider its decision to deny the petition to admit the Document into probate as the Decedent's last will and testament.

## CONCLUSION

The decision of the trial court is vacated and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are assessed against Petitioner/Appellant Melissa B. McElroy and her surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE