IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 4, 2025 Session

## IN RE ESTATE OF NANCY RISS

**Appeal from the Chancery Court for Williamson County**
**No. 22PR-12802     Joseph A. Woodruff, Judge**

_____

**No. M2023-01823-COA-R3-CV**

_____

This appeal arises from a will contest. Appellant David Riss ("Respondent") and Appellee Adam Riss ("Petitioner") dispute the validity of a typewritten codicil and holographic document that purportedly amended the last will and testament their mother, Nancy G. Riss ("Decedent"), executed on September 25, 2018 ("the Will"). After petitioning to admit the Will to probate and set aside the purported codicils, Petitioner filed a motion for judgment on the pleadings. He argued that the typewritten codicil and holographic document do not meet applicable statutory requirements and thus should be given no testamentary effect. The trial court agreed with Petitioner and granted his motion for judgment on the pleadings. The court held that the typewritten codicil failed to meet the statutory requirements of a valid testamentary instrument under Tennessee Code Annotated § 32-1-104 because the witness signatures were affixed to an attesting affidavit but not to the codicil. The court further held that the holographic document failed to meet the statutory requirements of a valid holographic testamentary instrument under Tennessee Code Annotated § 32-1-105 because it did not contain any material provisions directing the distribution of Decedent's estate. This appeal followed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON II and W. NEAL MCBRAYER, JJ., joined.

Mitchell R. Miller, Brentwood, Tennessee, for the appellant, Adam Riss.

Matt Potempa and Matt Hausman, Nashville, Tennessee, for the appellee, David N. Riss.

# OPINION

## FACTS AND PROCEDURAL HISTORY

Decedent Nancy G. Riss died in November 2022 at age 85 in Williamson County, Tennessee. She is survived by her two sons, Petitioner and Respondent.

Decedent's Will, executed on September 25, 2018, states, in pertinent part, "[i]f my husband does not survive me, I leave my residuary estate to my children who survive me in equal shares *per stirpes*." At the time the Will was executed, Decedent was married to Simson Riss, who later died on August 15, 2019.

### *The Typewritten Codicil and Holographic Document*

Following her husband's death, Decedent executed a typewritten document on August 29, 2019, titled "CODICIL TO THE LAST WILL AND TESTAMENT OF NANCY GENE RISS" ("the Codicil"). The Codicil purported to modify the Will by removing Petitioner as co-executor of Decedent's estate ("the Estate") and excluding him from receipt of any beneficial part of the Estate. Instead, it named Respondent as the sole executor and beneficiary of the Estate.

Immediately below the terms of the Codicil appear the signatures of Decedent and a Notary Public. No witness signatures appear below the terms of the Codicil. Nevertheless, immediately following the Notary's signature (which does not include an acknowledgement), and on the same page as the terms of the Codicil, an Attestation Affidavit ("the Affidavit") appears that reads:

> STATE OF TENNESSEE
> COUNTY OF WILLIAMSON
>
> Affiants, being first duly sworn make oath as follows: On August 29th, 2019, we subscribed our names as attesting witnesses to the CODICIL of **NANCY G. RISS**, who signed, published, and declared for her CODICIL to the Last Will and Testament, being done at her request and in her sight and presence and in the sight and presence of each other. We considered her to be of sound mind at the time said Will was executed, and she was more than eighteen (18) years of age. The original CODICIL is attached to this Affidavit.

Beneath this text, two witness signatures appear, along with an Acknowledgement by the Notary. Decedent's signature does not appear beneath the Affidavit.

That same day, Decedent executed a separate, handwritten document (the "Holographic Document") explaining her reasoning for purportedly wanting to change the

- 2 -

Will but disposed of no property.[1] The bottom of the Holographic Document includes the signature, acknowledgement, and seal of a Notary Public.

*Complaint*

On December 14, 2022, Petitioner filed a "Petition to Admit Decedent's Will, and to Set Aside the Codicil" in the Chancery Court for Williamson County, alleging that the Codicil was a result of undue influence and lack of capacity of Decedent. Respondent answered on January 24, 2023, denying Petitioner's allegations regarding the Codicil. The trial court found the petition and answer to, in effect, be a complaint and answer to a will contest regarding the Codicil to the Will and opened the Estate as an intestate administration, pending resolution of the will contest.

Petitioner subsequently filed an amended petition, contending that the Codicil fails to meet statutory requirements to be deemed a valid testamentary instrument under Tennessee Code Annotated § 32-1-104.[2] Respondent thereafter filed a counter-complaint, arguing that the Codicil meets the statutory requirements to be considered a valid testamentary instrument, and, even if it does not, the Holographic Document constitutes a separate holographic codicil that incorporates the typewritten Codicil by reference. Petitioner answered, refuting the Holographic Document's testamentary validity and further asserting that it does not contain any dispositive provisions but is rather an extrinsic list that is inadmissible under the parol evidence rule.

*Motion for Judgment on the Pleadings*

On August 28, 2023, Petitioner filed a motion for judgment on the pleadings, asserting that (1) the Codicil failed to meet the statutory requirements of a valid testamentary instrument because the witness signatures are affixed to the Affidavit alone and not the Codicil; (2) the Holographic Document is not a valid testamentary instrument but rather an extrinsic document with no legal effect; and (3) as an extrinsic document with no legal effect, the Holographic Document may not be used to cure the statutory deficiencies of the Codicil.

---

[1] The three-page document expresses grievances regarding her relationship with Petitioner, ending with the statement, "For the above reasons and more, I no longer wish to have any relationship with David and his wife Lisa, and Children Remy Sky and Graham. I believe their only interest is my money."

[2] Petitioner alternatively pleaded that even if the Codicil does meet the statutory requirements, it is still invalid because Decedent lacked capacity and/or was unduly influenced to execute the Codicil. However, these alternative claims were not included in the Petitioner's motion for judgment on the pleadings and thus are not subject to this appeal.

Respondent thereafter filed a Response, arguing that (1) the Codicil does satisfy statutory requirements as one comprehensive document that includes witness signatures and does not include a self-proving affidavit; (2) even if the Codicil is legally invalid, the holographic document incorporates the Codicil by reference; and (3) because the incorporation of two documents was adequately alleged, the determination of whether the statute's material provisions requirement is met is a factual issue that must be submitted to a jury for determination under Tennessee Rule of Civil Procedure 12.03.

*Memorandum and Order*

Following a hearing in October 2023, the trial court granted Petitioner's motion for judgment on the pleadings and ordered the Estate to be administered in accordance with the Will executed by Decedent in 2018. In its memorandum and order entered November 28, 2024, the court found the Codicil "has no legal effect as a testamentary instrument" because "witness signatures appear[ing] only on the Affidavit and not the Codicil" are "insufficient to be considered signatures to the will," a requirement under Tennessee Code Annotated § 32-1-104. Additionally, the court found the Holographic Document to be statutorily deficient to be a valid holographic testamentary instrument under Tennessee Code Annotated § 32-1-105 because it "fails to 'demonstrate[] that it was the testatrix's clear intention to dispose of her property after her death' as the document does not contain any material provisions directing the disposition of the Decedent's estate." Thus, the court determined it "need not look further to any outside documents to determine that the holographic document is statutorily deficient."

This appeal followed.

## ISSUES

Respondent raises two issues on appeal, which we restate here as follows:[3]

---

[3] Respondent raises two issues on appeal, which he states as follows:

(1) Whether the trial court erred by granting judgment on the pleadings as to the handwritten document, despite Appellant's claim that the document constitutes a valid holographic codicil.

(2) Whether the trial court erred when it ruled the one-page typewritten document is not a valid testamentary instrument, when that single page contains the signatures of the testator and two witnesses.

(1) Whether the trial court erred in ruling that the one-page typewritten Codicil is not a valid testamentary instrument under Tennessee Code Annotated § 32-1-104.

(2) Whether the trial court erred in ruling that the Holographic Document is not a valid holographic testamentary instrument under Tennessee Code Annotated § 32-1-105.

### STANDARD OF REVIEW

We review a trial court's order granting a motion for judgment on the pleadings using the "same standard of review we use to review orders granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999)). Thus, the trial court's decision is reviewed de novo with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

"A motion for judgment on the pleadings 'is filed pursuant to Tennessee Rule of Civil Procedure 12.03 and is similar to a motion to dismiss for failure to state a claim except that it is made after an answer is filed rather than before.'" *Auxin, LLC v. DW Ints., LLC*, No. M2022-01087-COA-R3-CV, 2024 WL 274699, at *5 (Tenn. Ct. App. Jan. 25, 2024) (quoting *Edwards v. Urosite Partners*, No. M2016-01161-COA-R3-CV, 2017 WL 1192109, at *3 (Tenn. Ct. App. Mar. 30, 2017)) (citations omitted). When the plaintiff is the moving party, "'we treat as false the allegations of the complaint which have been denied and treat as true all well-pleaded facts in the defendant's pleadings and all reasonable inferences arising therefrom.'" *Id.* (quoting *Laundries, Inc. v. Coinmach Corp.*, No. M2011-01336-COA-R3-CV, 2012 WL 982968, at *8 (Tenn. Ct. App. Mar. 20, 2012)). However, "[c]onclusions of law are not admitted nor should judgment on the pleadings be granted unless the moving party is clearly entitled to judgment." *City of Morristown v. Ball*, No. E2020-01567-COAR3-CV, 2021 WL 4449237, at *4 (Tenn. Ct. App. Sept. 29, 2021) (citations omitted).

### ANALYSIS

#### I. THE TYPEWRITTEN CODICIL

Respondent contends that, because the Codicil is a single-page document containing the signatures of the testator and two witnesses, the trial court erred by ruling that it is not a valid testamentary instrument. In making this contention, Respondent argues that this court's decisions in *In re Estate of Morris*, No. M2014-00874-COA-R3-CV, 2015 WL 557970 (Tenn. Ct. App. Feb. 9, 2015) and its predecessors, which the trial court relied upon, do not affect the validity of the Codicil because the signatures of the witnesses and testators in those cases appear on multiple different pages of a testamentary instrument

rather than a single page. *See, e.g., In re Estate of Chastain*, 401 S.W.3d 612, 614-15 (Tenn. 2012); *In re Estate of Stringfield*, 283 S.W.3d 832, 837 (Tenn. 2008). We are not persuaded by this argument.

Although they appear on the same page, the Affidavit and Codicil are two distinct legal documents, and each is governed by a different statute. *See* Tennessee Code Annotated § 32-1-104; *see also* Tennessee Code Annotated § 32-1-110. And as we explain below, the statutory requirements for the execution of a will must be independently met and cannot be satisfied by signatures on an attestation affidavit.

The statutory requirements for the valid execution of attested wills[4] "have remained virtually unchanged" since they were prescribed in 1941 under the Execution of Wills Act. *Chastain*, 401 S.W.3d at 618. These requirements are currently codified in Tennessee Code Annotated § 32-1-104, which provides:

(a) The execution of a will, other than a holographic or nuncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:
   (1) The testator shall signify to the attesting witnesses that the instrument is the testator's will and either:
       (A) The testator sign;
       (B) Acknowledge the testator's signature already made; or
       (C) At the testator's direction and in the testator's presence have someone else sign the testator's name; and
       (D) In any of the above cases the act must be done in the presence of two (2) or more attesting witnesses;
   (2) The attesting witnesses must sign:
       (A) In the presence of the testator; and
       (B) In the presence of each other.

Will execution statutes like Tennessee Code Annotated § 32-1-104 "have consistently [been] interpreted … as mandatory[,]" and Tennessee courts "have required strict compliance with these statutory mandates." *Chastain*, 401 S.W.3d at 619 (gathering cases). Accordingly, "[t]his statute clearly and unmistakably requires attesting witnesses to *sign the will* in the presence of the testator and in the presence of each other." *Stringfield*, 283 S.W.3d at 838 (citing Tenn. Code Ann. § 32-1-104) (emphasis in original).

---

[4] The Tennessee Code defines the term "will" to include codicil. Tenn. Code. Ann. § 32-1-101. Therefore, a codicil must satisfy the statutory requirements for executing a valid will.

Moreover, and significantly, an attestation affidavit "is not part of the Will" but is instead prepared pursuant to Tennessee Code Annotated § 32-1-110, which permits the use of attestation affidavits to prove a will. *Chastain*, 401 S.W.3d at 620. The statute provides:

> Any or all of the attesting witnesses to any will may, at the request of the testator or, after the testator's death, at the request of the executor or any person interested under the will, make and sign an affidavit before any officer authorized to administer oaths in or out of this state, stating the facts to which they would be required to testify in court to prove the will, *which affidavit shall be written on the will* or, if that is impracticable, on some paper attached to the will, and the sworn statement of any such witnesses so taken shall be accepted by the court of probate when the will is not contested as if it had been taken before the court.

Tenn. Code Ann. § 32-1-110 (emphasis added). As further explained in *Chastain*:

> This statute authorizes use of an affidavit of attesting witnesses in lieu of live testimony only if a will is uncontested. *See Pritchard* § 210, at 328 ("[A]n affidavit of an attesting witness, instead of resorting to testimony of the witness in open court, may be used to prove a will unless the will is contested.... The customary practice is for attesting witnesses to also sign affidavits at the time the will is executed, so that later probate of the will [can] be facilitated."). By requiring the affidavit to "be written on the will or, if that is impracticable, some paper attached to the will," Tenn. Code Ann. § 32-2-110, a clear distinction is drawn between an affidavit of attesting witnesses and a will.

401 S.W.3d at 620 (citing Tenn. § Code Ann. 32-1-110) (internal citation omitted).

"[T]he witness signatures required by 32-1-104 are mandatory for proper execution, [but] the affidavit contemplated by 32-1-110 is permissive[,]… serv[ing] a separate function distinct from execution." *Id.*; *see also Morris*, 2015 WL 557970 at *3 ("This statute is separate and distinct from Tennessee Code Annotated § 32-1-104."); *In re Est. of Wilson*, No. W2023-00313-COA-R3-CV, 2024 WL 322679, at *11 (Tenn. Ct. App. Jan. 29, 2024).

Accordingly, witness signatures appearing only on the affidavit and not the will are insufficient to be considered signatures to the will. *Morris*, 2015 WL 557970 at *4. Properly executed attestation affidavits do not "negate or satisfy" the statutory requirements for a valid will under the Execution of Wills Act. *Id.* at *3 (citing *Stringfield*, 283 S.W.3d at 837).

In *Morris*, a separate document identified as an "Affidavit" immediately followed the Decedent's will, beginning on the same page that the Will ended. *Id.* at *5. However, the witness signatures in *Morris* appeared only on the affidavit document and no other part of the will. *Id*. Honoring the distinction drawn between an attestation affidavit and a will, this court concluded that witness signatures appearing on an attestation affidavit but not the will do not satisfy the statutory requirements of Tennessee Code Annotated § 32-1-104. *Id*. at *4.

Respondent erroneously asserts that *Morris* does not affect the Codicil's validity because, unlike the will and affidavit in *Morris*, the required elements for a valid codicil under Tennessee Code Annotated § 32-1-104 are physically integrated onto a single page. However, attempting to treat the Codicil as one comprehensive document that includes the witness signature entirely ignores the legislature's "clear distinction between the affidavit of attesting witnesses and their signatures on a will." *Morris*, 2015 WL 557970 at *4 (citing *Chastain*, 401 S.W.3d at 620). Like the failed argument in *Morris*, Respondent is asking this court to apply the doctrine of integration by which "a separate writing may be deemed an actual part of the testator's will, thereby merging the two documents into a single instrument." *Id*. at *3 (quoting *In re Will of Carter,* 565 A.2d 933, 936 (Del. 1989)). However, as our Supreme Court noted in *Chastain,* Tennessee has not adopted the doctrine of integration. 401 S.W.3d at 622. Thus, the decedent's signature on the affidavit did not satisfy the statute requiring the testator's signature on a will. *Id*.

The trial court correctly determined that this case falls squarely within the *Morris* holding because "a separate document identified as an 'Affidavit' immediately follows the Decedent's Codicil; the Affidavit begins on the same page on which the Codicil ends; and the two witnesses only signed the Affidavit." That the Affidavit and the Codicil appear within the same one-page document negates neither their distinction as separate documents nor the statutory requirements that must be independently met to be considered a valid testamentary document.

Therefore, we affirm the trial court's holding that the witness signatures appearing on the Affidavit but not the Codicil fails to meet the statutory requirements of a validly executed will under Tennessee Code Annotated § 32-1-104.

II. THE HOLOGRAPHIC DOCUMENT

A. Question of Law or Fact

Respondent asserts that the "sole issue to determine is whether the Decedent intended for the [Holographic] document to operate as her codicil," and that the trial court incorrectly framed this issue as a legal question related to the Will's construction rather than a question of fact for a jury. We, however, have determined that this argument must

- 8 -

fail because the relevant and material facts are not in dispute; thus, the dispositive issue is a question of law.

For a holographic will to be statutorily valid in Tennessee, "the signature and all … material provisions must be in the handwriting of the testator.…" Tenn. Code. Ann § 32-1-105. The "[c]onstruction of a will, including whether an heir has been disinherited, is a question of law for the court." *In re Estate of McKinney*, 2022 WL 2071748, at *8 (Tenn. Ct. App. June 9, 2022) (citing *In re Estate of Eden*, 99 S.W.3d 82, 91 (Tenn. Ct. App. 1995)). Additionally, "a testamentary intent must accompany the performance of the statutory requirements, and this must be proven in a manner which conforms to applicable rules of evidence and procedure." *Smith v. Smith*, 232 S.W.2d 338, 341 (Tenn. Ct. App. 1949).

Petitioner has admitted to the factual allegations concerning the content of the Holographic Document, that it was written entirely in Decedent's handwriting, and that it contains Decedent's signature.[5] The dispute is centered upon whether the Holographic Document contains a material provision disinheriting Petitioner from Decedent's estate— a determination for the court to make. *See McKinney*, 2022 WL 2071748, at *8 (finding that the testator's will did "not affirmatively dispose of all his estate to other people, to the exclusion of [his child], as would be required in order to disinherit her). Thus, the trial court correctly determined that the issue is whether Decedent included "all material provisions" in the Holographic Document, a statutory requirement for a valid holographic will under Tennessee Code Annotated § 32-1-105, which is a question of law. *See McKinney*, 2022 WL 2071748, at *8.

Accordingly, we affirm the trial court's determination that the disposition of this issue is a question of law.

### B. Material Provisions Related to the Distribution of Decedent's Estate

Respondent argues that the Holographic Document "fundamentally alters the disposition of her estate by disinheriting" Petitioner. However, Decedent makes no material disposition of her Estate in the Holographic Document.

A valid holographic will must satisfy the statutory requirements of Tennessee Code Annotated § 32-1-105 *and* "demonstrate that it was the testatrix's clear intention to dispose of her property after her death." *In re Estate of Pierce*, 511 S.W.3d 520, 523 (Tenn. Ct. App. 2016). Such intent "must be determined from what was written and not from what it

---

[5] Here, neither Decedent's mental capacity to make a will nor whether the will was procured by undue influence or fraud is raised on appeal.

is supposed [the testatrix] intended." *Presley v. Hanks*, 782 S.W.2d 482, 487 (Tenn. Ct. App. 1989).

It is well established that "[t]he power to disinherit is part of the power of testamentary disposition." *McKinney*, 2022 WL 2071748, at *5 (quoting *Eden*, 99 S.W.3d at 92). "In order to disinherit an heir, a testator must prepare a will that disinherits the heir by express words or by necessary implication. *Id.* (quoting *Eden*, 99 S.W.3d at 92). "A testator can disinherit his heirs only by giving his property to others, and mere words excluding the heirs, without an affirmative disposition to others, will not suffice to disinherit them." 25 T.J., Wills § 114 (2020) (citing *Waller v. Sproles*, 22 S.W.2d 4, 5 (Tenn. 1929); *Nichols v. Todd*, 101 S.W.2d 486, 490 (Tenn. Ct. App. 1936)).

Here, there is nothing in the Holographic Document demonstrating a clear intention of the manner in which Decedent wished to dispose of her property upon her death. Instead, she merely expresses her grievances with Petitioner and avers that, "[f]or the above reasons and more, I no longer wish to have any relationship with [Petitioner] and his wife Lisa, and children Remy Skye and Graham." There are no instructions regarding how she wishes the Estate to be distributed. As such, the Holographic Document does not dispose of the Estate. Therefore, we hold that the Holographic Document fails to satisfy the requirement that it contains material provisions disposing of Decedent's Estate to be considered a valid holographic will under Tennessee Code Annotated § 32-1-105.

### IN CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against Respondent/Appellant, Adam Riss.

_____
FRANK G. CLEMENT JR., P.J., M.S.

- 10 -